FILED ELECTRONIC

Apr 6 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6360-CR-DIMITROULEAS

UNITED STATES OF AMERICA

       Plaintiff,

vs.

JOSE ENRIQUE SANCHEZ

       Defendant.
_____/

### DEFENDANT'S RESPONSE AND OBJECTIONS TO REVISED PRESENTENCE INVESTIGATION REPORT

COMES NOW THE DEFENDANT, JOSE ENRIQUE SANCHEZ, by and through undersigned counsel, pursuant the Federal Rules of Criminal Procedure and the Local Rules for the Southern District of Florida, and files his response and objections to the Revised Presentence Investigation Report (hereafter "PSI") dated April 5, 2004. The DEFENDANT would state the following:

1. The DEFENDANT withdraws his objection stated in paragraph three of his objections filed on March 18, 2004. Specifically, the DEFENDANT agrees that the Probation Officer correctly imposed one criminal history point per case for case numbers 99-3488CF10B and 02-19629CF10A.

2. The DEFENDANT objects to revised paragraph 64 of the PSI where the probation officer imposes three points for the previous sentence entered by Judge Huck on March 26, 2004. When Judge Huck sentenced the DEFENDANT, the instant case was calculated in the DEFENDANT's criminal history score and increased his overall criminal history points. Now that the DEFENDANT is before the Court for sentencing on the instant case, the revised PSI increases his criminal history category by one level based upon Judge Huck's sentence. Although it is true that the guidelines are not concerned with the chronology of the crimes committed in determining criminal history,

*See United State v. Walker,* 912 F.2d 1365 (11th Cir. 1990), it is patently unfair to enhance the DEFENDANT's sentence in Judge Huck's case based upon the instant case, and subsequently enhance the sentencing range in the present case based upon the sentence imposed by Judge Huck. The DEFENDANT therefore objects to the three points assessed for criminal history in paragraph 64 of the revised PSI.

In the event that the Court should feel this objection is more appropriately couched as a motion for downward departure pursuant to §4A1.3, the DEFENDANT moves for such a departure on the grounds that the currentlly calculated criminal history category of IV over-represents the seriousness of the DEFENDANT's criminal history due to the bootstrapping outlined above. *See United States v. Flowers*, 995 F.2d 315, 318 (1st Cir. 1993)(If calculation of criminal history pursuant to §4A1.1 and §4A1.2 leads to injustice, sentencing court can cure through departure).

3. Undersigned counsel was not able to speak with AUSA Chase regarding his position on these objections and/or motion due to Mr. Chase being on vacation.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to AUSA Donald Chase, 500 E. Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394 and, on this 6th day of April, 2004.

Respectfully submitted,

DAVID M. EDELSTEIN, P.A.
1680 Michigan Avenue, Ste. 919
Miami Beach, Florida 33139
Tel: 305.538.4545
Fax: 305.674.3805
Email: david@davidedelstein.com

BY: /s/ David M. Edelstein
David M. Edelstein
Attorney for Defendant
Florida Bar No: 63665