UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6360-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSE ENRIQUE SANCHEZ,

        Defendant.

_____/

## THE UNITED STATES OF AMERICA'S RULE 35 MOTION
## FILED ON BEHALF OF THE DEFENDANT TO REDUCE HIS SENTENCE

The United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, files this motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure to seek a reduction from this Court of the defendant's sentence based upon substantial assistance he has provided to law enforcement. In support thereof, the following is shown:

### THE OFFENSES OF CONVICTION

1.    Jose Enrique Sanchez (hereinafter referred to as "Sanchez") was one of the leaders of a group that stole three tractor trailer trucks transporting marketable merchandise and sold the same to profit from the criminal behavior. The value of the merchandise stolen exceeded $400,000.00. None of the tractor trailers stolen were hijacked as the group was nonviolent. Sanchez's role was the procurement of warehouses to store the stolen merchandise until he found a buyer. Sanchez fled to Mexico after learning of the arrests of some of his coconspirators but eventually returned to the United States and voluntarily surrendered two years after the indictment was returned.



2.      Sanchez pled guilty to three counts of interstate cargo theft and received on a sentence of 27 months' imprisonment. Sanchez' criminal history category IV, accumulated based upon various state theft convictions, caused him to receive the severest sentence imposed in this 15-defendant case.

<u>THE ASSISTANCE PROVIDED TO LAW ENFORCEMENT</u>

3.      Sanchez provided information to law enforcement regarding a jailed defendant, unrelated to Sanchez' prosecution, that wanted to hire someone to kill his codefendant who was to appear and testify at trial as a witness for the government.  Sanchez facilitated meetings inside the Federal Detention Center (hereinafter referred to as "FDC") that were recorded.  One of the meetings recorded at FDC involved the subject of this investigation, his money carrier and an undercover agent that posed as Sanchez's relative.   The defendant requested that his codefendant be poisoned to death.  Another meeting was videotape recorded outside the prison between the undercover agent and a family member of the subject wherein a key to a post office box that would contain the money for performing the contract killing would be placed was given to the undercover agent.  The money owed to the undercover agent for killing the codefendant was to be paid half in advance and the remaining half paid after the murder was completed.  The subject later refused to pay any advance money for the killing of his codefendant after rumors began to circulate that someone else was trying to have this same codefendant killed.

4.      Sanchez was not at fault for the unsuccessful conclusion of the investigation. Negotiations subsequently ended partially due to the administrative prerequisites and delays associated with receiving approval to record conversations within a prison. Charges were not brought because the audibility of the recordings made at FDC were poor and the conversation that could be understood was coded.

-2-

5.      The FBI Special Agent involved in this investigation advised the undersigned that the subject of this investigation and his associates are known to have killed people in Colombia.  Additionally, Sanchez' cooperation in this investigation and the recordings obtained during the same may be made known to the defendant pursuant to this District's Standing Discovery Order.  Such a disclosure would endanger Sanchez and likely result in his placement into the Special Housing Unit or re-location to another prison facility.

6.      If the Court wishes a recommendation from the Government regarding the amount of reduction of the sentence the defendant should receive upon the granting of this motion, the undersigned has been authorized to recommend that a 25% reduction or seven months be subtracted from the 27 months' imprisonment previously imposed.

        WHEREFORE, based upon the assistance provided to law enforcement by the defendant, the United States of America respectfully requests that this Court grant the instant Rule 35 motion.

                                Respectfully submitted,

                                MARCOS DANIEL JIMENEZ
                                UNITED STATES ATTORNEY

By:

                                DONALD F. CHASE, II
                                ASSISTANT UNITED STATES ATTORNEY
                                Court No. A5500077
                                500 East Broward Boulevard, Suite 700
                                Fort Lauderdale. Florida 33394
                                Tel: (954) 356-7255
                                Fax: (954) 356-7336

                                -3-

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by United States mail this 10th day of January 2005 to David M. Edelstein, Esquire, 1680 Michigan Avenue, Suite 919, Miami Beach, Florida 33139.

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

-4-